ELLA L. HURRELL, Appellant, *v.* HENRY J. HURRELL, Individually and as Executor of the Last Will and Testament of LUCY HURRELL, Deceased, Respondent.

*Will — absolute devise of land to the husband, coupled with a power of sale given to the husband and son of the testatrix — effect of a deed by the husband as devisee to the son — judgment adjudging the deed to be valid,* res adjudicata *as against a grantee of the father as executor and the father's devisee.*

Where a woman by her will devises certain real estate to her husband absolutely and names the husband and her son executors thereof and invests them with authority to sell the real estate either for the payment of debts or whenever in their judgment the best interests of the estate require it, and the amount and character of the estate is such as to give no occasion for the exercise of such power, a conveyance of the property, executed by the husband as devisee to the son, will, in the absence of fraud, deceit, misrepresentation or undue influence, transfer a good title to the son and will defeat the power.

The fact that at the time the conveyance was executed the son had qualified as executor of the estate, did not prevent him from acquiring title to the property by fair means and without prejudice to the rights or interests of the grantor or of creditors.

A judgment, rendered in an action brought by the husband against the son to set aside the deed on the ground that it had been obtained by fraud and undue influence, adjudging that the deed in question was valid and effectual, is *res adjudicata* in a subsequent action to set aside such deed as void, brought after the death of the husband by a person claiming under a deed executed by the husband as executor (in which the son refused to join), and also as devisee under the husband's will.

APPEAL by the plaintiff, Ella L. Hurrell, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 16th day of April, 1901, upon the decision of the court, rendered after a trial at the Kings County Special Term, dismissing the complaint.

*Henry E. Wilke* [*F. D. Haines* with him on the brief], for the appellant.

*Robert H. Wilson,* for the respondent.

HIRSCHBERG, J.:

The plaintiff's claim is stated in the complaint to be based upon the following facts: On the 10th day of August, 1896, Lucy Hur-

rell died seized of certain real estate in Brooklyn. She left a will, thereafter duly admitted to probate, whereby she devised the real estate to her husband, Henry Hurrell, absolutely. Her husband and her son, Henry J. Hurrell, were named executors and invested with authority to sell the real estate either for the payment of debts or whenever in their judgment the best interests of the estate may be deemed to require it. The son first qualified. Thereafter he persuaded the husband, without legal advice, to convey to him the fee of the real estate for a nominal consideration, reserving in himself only a life estate. Shortly after this conveyance the husband, in repudiation of it, qualified as executor, and as such conveyed the property to the plaintiff, the son refusing to join in such deed. Subsequently the husband died, leaving a will in which, in further repudiation, he devised the real estate to the plaintiff and her husband, she acquiring from the latter his interest by deed before the commencement of this action. The relief sought is a judgment declaring void the deed from the husband to the son. The defendant is the son, and he is sued individually and as the executor of Lucy Hurrell.

It appeared upon the trial, without dispute, that after the conveyance by the husband to the son the former commenced an action against the latter in the Supreme Court to procure a judgment setting aside and canceling such deed upon the ground that it had been obtained by fraud, deceit, misrepresentation and undue influence, and that a judgment was rendered in that action dismissing the complaint upon the merits and adjudging that the deed in question was valid and effectual, and free from any taint as alleged. This judgment was entered before the first conveyance to the plaintiff, and has never been annulled, reversed or modified.

Lucy Hurrell appears to have left personal estate and no debts. No occasion arose for the execution of the power of sale, and by the conveyance as devisee in the absence of fraud, deceit, misrepresentation or undue influence, the husband transferred a good title in fee to the defendant individually, thereby defeating the power and leaving nothing upon which it could operate. (*Hetzel* v. *Barber*, 69 N. Y. 1; *Garvey* v. *McDevitt*, 72 id. 556, 563; *Prentice* v. *Janssen*, 79 id. 478; *Greenland* v. *Waddell*, 116 id. 234, 246; *Sweeney* v. *Warren*, 127 id. 426; *Drake* v. *Paige*, Id. 562.)

The relation of the defendant as executor of the estate created no trust or fiduciary obligations which prohibited him from purchasing or acquiring title by fair means, and without prejudice to the rights or interests of the grantor or of creditors.

But in any event the judgment validating the deed in the lifetime of the grantor is a binding adjudication against him and his heirs and devisees. It operates in favor of the defendant individually, and although he has been joined as a defendant in his representative capacity, in the view taken it is manifest that no cause of action exists against him on the facts established in such capacity.

The judgment in favor of the defendant should be affirmed.

BARTLETT, WOODWARD and JENKS, JJ., concurred; GOODRICH, P. J., concurred in result.

Judgment unanimously affirmed, with costs.